IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-294-FL
No. 5:16-CV-212-FL

| | |
|---|---|
| GREGORY ANTONIO BYRD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 33), as supplemented (DE 38) (collectively, petitioner's "supplemented motion to vacate"), wherein he asserts a claim pursuant to Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). The government has responded to petitioner's supplemented motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Johnson. (DE 40). For the reasons that follow, the court grants petitioner's supplemented motion to vacate.

**BACKGROUND**

On October 8, 2009, petitioner was named in a one-count indictment, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On March 2, 2010, petitioner pleaded guilty to the lone count charged in the indictment with benefit of a written plea agreement.

As relevant to the instant motion, petitioner had at least three prior convictions, all under North Carolina law, including two convictions for discharging a firearm into occupied property, in

violation of N.C. Gen. Stat. § 14–34.1(a); and one conviction for possession with intent to sell or deliver cocaine (petitioner's "PISD conviction"), in violation of N.C. Gen. Stat. § 90–95. At sentencing, held June 9, 2010, the court relied on those convictions to sentence petitioner pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to a term of imprisonment of 147 months. Petitioner did not appeal his sentence.

On June 26, 2015, the Supreme Court decided Johnson, which held that a portion of the ACCA was unconstitutionally vague. See 135 S. Ct. at 2558. On April 18, 2016, the Supreme Court decided Welch v. United States, __ U.S. __, 136 S. Ct. 1257 (2016), which held that Johnson applied retroactively on collateral review. Id. at 1265.

Petitioner filed the instant motion to vacate on April 28, 2016. (DE 33). Petitioner argues that his conviction for discharging a firearm into occupied property no longer may be used to trigger application of the ACCA in light of Johnson and United States v. Parral-Dominguez, 794 F.3d 440 (4th Cir. 2015). On June 2, 2016, the Federal Public Defender for this district entered a limited appearance on petitioner's behalf and filed a supplement to petitioner's motion to vacate. (DE 38). In his supplement to his motion to vacate, petitioner argues that his PISD conviction no longer may be used to trigger application of the ACCA in light of United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), which applied United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), to the ACCA.

On May 23, 2016, the government responded to petitioner's supplemented motion to vacate and conceded that, on the facts of this case, petitioner should be resentenced in light of Johnson, Parral-Dominguez, and Newbold, without the ACCA enhancement.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

1.  Timeliness of Motion

Before considering the merits of petitioner's supplemented motion to vacate, the court examines first the timeliness of petitioner's motion to vacate and supplement.

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of:

1)  the date on which the judgment of conviction becomes final;

2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's motion to vacate, filed April 28, 2016, was timely under § 2255(f)(3) in light of its subject matter. That motion asserts a Johnson claim, which first became available on June 26, 2015, the date on which the Supreme Court issued the Johnson decision. See Dodd v. United States, 545 U.S. 353, 356–58 (2005).

Petitioner's supplement, however, was untimely. In his supplement, petitioner raises a claim under Newbold, an application of the Fourth Circuit's en banc holding in Simmons. Petitioner's Simmons claim was filed well over a year after his "judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1) & (3); Clay v. United States, 537 U.S. 522, 527–28 (2003) (holding judgment of conviction final when time to seek appellate review expires); see also Fed. R. App. P. 4(b)(1)(A) (in a criminal case, time to seek appellate review expires 14 days after entry of judgment). Nevertheless, the government has waived its procedural defenses, such as the statute of limitations, in this case. Accordingly, the court considers petitioner's supplement timely filed and will consider the argument raised therein.

2. Petitioner's Johnson Claim

Petitioner first contends that the North Carolina crime of discharging a firearm into occupied property no longer qualifies as a "violent felony" under the ACCA in light of Johnson and Parral-Dominguez.

4

In certain circumstances, when a criminal defendant is charged with a violation of § 922(g)(1), the ACCA supplants the usual 10-year maximum sentence, imposed pursuant to § 924(a)(2), with a 15-year minimum sentence. § 924(e). To trigger the ACCA's substantial consequences, a criminal defendant must have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." § 924(e)(1). As relevant to petitioner's sentence, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; 2) "is burglary, arson, or extortion, [or] involves use of explosives"; or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).

In <u>Johnson</u>, the Supreme Court held that the third option listed above, the so-called residual clause, was void for vagueness, where it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." <u>Johnson</u>, 135 S. Ct. at 2558. The void-for-vagueness doctrine prohibits the government from imposing sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." <u>Id.</u> at 2556. Under that standard, the residual clause is unconstitutionally vague for two reasons. First, the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime," leaving it to the judiciary to define the "ordinary case" of a particular crime. <u>Id.</u> at 2557. Second, the residual clause leaves "uncertainty about how much risk it takes for a crime to qualify as a violent felony." <u>Id.</u> at 2558. In other words, "[t]he residual clause fail[s] not because it adopt[s] a 'serious potential risk' standard but because applying that standard under the categorical

5

Case 5:09-cr-00294-FL   Document 41   Filed 06/15/16   Page 5 of 9

approach require[s] courts to assess the hypothetical risk posed by an abstract generic version of the offense." Welch, 136 S. Ct. at 1262.

The government concedes, as it must, that petitioner's conviction for discharging a firearm into occupied property no longer qualifies as a "violent felony." That crime cannot qualify as a "violent felony" under the residual clause in light of Johnson.

Nor can it qualify under the other two clauses mentioned above. Under North Carolina law, the crime of discharging a firearm into occupied property has four elements: 1) intentionally 2) discharging a firearm 3) toward an occupied building 4) when the shooter knows or has reasonable grounds to believe that the building might be occupied. See State v. Williams, 284 N.C. 67, 73 (1973), abrogated on other grounds State v. Weaver, 306 N.C. 629 (1982). Thus, discharging a firearm into occupied property obviously is not "burglary, arson, or extortion," and it does not "involve[] use of explosives." § 924(e)(2)(B)(ii). Moreover, discharging a firearm into occupied property does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); see also Parral-Dominguez, 794 F.3d at 445–46 (holding the North Carolina crime of discharging a firearm into occupied property is not a "crime of violence" under United States Sentencing Guideline Manual § 2L1.2); United States v. Montes-Flores, 736 F.3d 357, 363 (4th Cir. 2013) ("We rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the [ACCA], because the two terms have been defined in a manner that is 'substantively identical.'").

6

### 3. Petitioner's Simmons Claim

As noted above, the ACCA's enhanced penalties may be triggered by "serious drug offenses." As relevant here, a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in [21 U.S.C. § 802]), for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

In March 1992, a Johnston County, North Carolina, Superior Court sentenced petitioner under North Carolina's since-repealed Fair Sentencing Act to three years custody for his PISD conviction. While three years was the "presumptive" sentence under the Fair Sentencing Act, as well as the actual sentence imposed by the court, petitioner faced a maximum "aggravated" term of imprisonment of up to 10 years on that conviction. Such an enhanced sentence could have been imposed, had the court explicitly found the presence of certain statutory aggravating factors. See Newbold, 791 F.3d at 461 (describing sentencing procedure under North Carolina's Fair Sentencing Act). However, it is undisputed that the sentencing court did not find any aggravating factors. Nevertheless, at the time petitioner was sentenced for the instant offense in 2010, his PISD conviction was a predicate "serious drug offense" for purposes of the ACCA because "the maximum aggravated sentence that could [have been] imposed for [his PISD conviction] upon a defendant with the worst possible criminal history" was 10 years. United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), overruled by Simmons, 649 F.3d 237.

In Simmons, the Fourth Circuit, sitting en banc, overruled Harp's instruction to look to the most severe sentence that potentially could be imposed on any defendant. There, the court held that a North Carolina conviction is a "felony," that is a crime punishable by more than one year of

imprisonment, only if the <u>particular</u> defendant was eligible for a sentence of more than one year, taking into account his criminal history and the nature of his offense. 649 F.3d at 247 & n.9.

Recently, in <u>Newbold</u>, the court applied <u>Simmons</u>'s reasoning to the ACCA. <u>See</u> 791 F.3d at 462–63. <u>Newbold</u> also clarified and confirmed the procedure under <u>Simmons</u> for analyzing prior convictions as predicates under the ACCA in several respects. First, <u>Newbold</u> clarified that the court must consider the applicable punishment for each "offense" or "offenses" in a judgment or consolidated judgment. <u>See</u> <u>id.</u> at 461–62. Second, <u>Newbold</u> confirmed that the court must "examin[e] . . . North Carolina's sentencing regime" at the time of the predicate conviction. <u>Id.</u> at 461. Third, for convictions under the North Carolina Fair Sentencing Act, the court clarified that "where there are no aggravating factors, we consider the presumptive term to be the maximum applicable punishment." <u>Id.</u> at 462. Accordingly, where "the state court judgment contains no aggravating factors supporting a sentencing within the aggravated range," and no "plea transcript reflect[s] [petitioner's] admission of any such facts," the presumptive term controls. <u>Id.</u> at 463.

In this case, the parties agree that "the state court judgment [entered against petitioner on his PISD conviction] contains no aggravating factors supporting a sentence within the aggravated range." <u>Id.</u> Moreover, the parties agree that no "plea transcript reflect[s] [petitioner's] admission of any such facts." <u>Id.</u> Accordingly, under <u>Newbold</u> the presumptive term of imprisonment, in this case three years, controls and petitioner's PISD conviction should not have been classified as a "serious drug offense."

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's supplemented motion to vacate (DE 33; 38). The clerk is DIRECTED to schedule petitioner for resentencing at the next available

8

regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 15th day of June, 2016.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge